Opinion delivered April 28, 1886.

---

[No. 3742.]

HOUSTON STIFF *v.* THE STATE.

1. PRACTICE—AMENDMENT.—By inadvertance the county attorney endorsed on a substituted information a different number than that by which the case was originally entered upon the docket, and the defense, therefore, objected to the substitute. *Held,* that the mistake should have been corrected upon the motion of the county attorney, or by the trial court upon its own motion.

2. EXHIBITING A GAMING TABLE—EVIDENCE.—Proof that the gaming table was exhibited in "Stiff's saloon, in Denton county" will not support the allegation in the information that the table was exhibited in "Houston Stiff's saloon, in the city of Denton,"—a descriptive allegation necessary to be proved as laid. (See Withers v. The State, *ante* 210.)

APPEAL from the County Court of Denton. Tried below before the Hon. S. M. Bradley, County Judge.

The conviction in this case was for exhibiting a gaming table, for the purpose of gaming, etc., and the penalty imposed was a fine of twenty-five dollars.

The opinion sufficiently discloses the case.

*Owsley & Walker*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In the lower court this cause was originally docketed number 535. The affidavit and information

having been lost, application was made and granted to substitute the same.  In making the substitute, by inadvertence of the county attorney, the substitute instead of being numbered 535, the original docket number of the case, was numbered 555.  Objection was made by the defendant to the substitute upon this ground, and the objection was overruled and the trial ordered to be proceeded with.  When the mistake was made to appear, it should have been corrected, either by motion on the part of the county attorney, or the court should have ordered the correction of its own motion.

Other questions in this case are identical with those decided by us in Withers v. The State, appealed from Denton county; and in this, as in that case, the charge in the information was that defendant " did, etc., keep, etc., a certain gaming table in Houston Stiff's saloon *in the city of Denton*."  There is no proof going to establish the allegation that the offense was committed "*in the city of Denton*."  This proof was essential under the allegation in the information.  (See Withers's case, *ante* 210.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*